UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA JACKSON,

    Plaintiff,

v.                                                   Case No.  8:20-cv-124-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**    **Procedural Background**

Plaintiff filed an application for period of disability and DIB (Tr. 180-83). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 76-86, 102). Plaintiff then requested an administrative hearing (Tr. 116-17). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 32-75). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and denied Plaintiff's claims for benefits (Tr. 10-17). Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then

timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff was born on March 24, 1956 and was 59 years old on her alleged onset date of November 1, 2015 (Tr. 34). Plaintiff claimed disability due to peripheral neuropathy (Tr. 226). She dropped out of high school in the tenth grade and has past work experience as a cashier, a veterinary technician, a secretary at an auto body shop, a housekeeper at a rehabilitation facility, and a cook at a restaurant inside a bowling alley (Tr. 34-39).

Plaintiff testified she was in pain every day at work because of her diabetic neuropathy (Tr. 44). Eventually, the pain became "unbearable." (Tr. 46). Her feet hurt so much it was hard to walk: "The burning and the – it feels like I'm walking on sand. I don't know how else to explain that. It – you know, when you go to the beach and you have the sand on your feet, and then put your shoes back on, and you have that grit?" (Tr. 53). She also has degenerative joint disease in her shoulders and carpal tunnel syndrome (Tr. 55). While a cashier at Save-A-Lot grocery store – her most recent job – the pain was so bad, she had to steel herself to pick up gallon jugs of milk and 24-packs of bottled water to scan (Tr. 55-56).

Plaintiff wears special shoes due to foot pain (Tr. 52). She testified she can stand for only 20 minutes at a time, and the burning in her feet keep her from walking more than around the house (Tr. 52-53). She wakes up in pain at night and hangs her feet over the side of the bed when sleeping because it hurts for them to touch the bed (Tr. 59-61).

Plaintiff lives alone and cooks basic meals, drives, grocery shops, and does household chores without assistance (Tr. 244-50).

In rendering his December 21, 2018 administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2022 (her date last insured, or "DLI," for DIB purposes) and had not engaged in substantial gainful activity since November 1, 2015, her alleged onset date (Tr. 12). After conducting a hearing on June 26, 2018, and reviewing the evidence of record, the ALJ determined Plaintiff had the severe impairments of diabetes mellitus, neuropathy, osteoarthritis, and obesity (*Id*.). Notwithstanding these impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14).

The ALJ concluded Plaintiff retained the residual functional capacity ("RFC") to perform a restricted range of light work. Specifically,

> The claimant remains able to lift and/or carry no more than 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk a total of 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. The claimant can push and/or pull limited to the weights given above. The claimant can no more than occasionally climb, balance, and crawl, but never climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to hazardous machinery and unprotected heights.

(*Id*.). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 15-16).

Considering Plaintiff's impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work as a short order cook and a sales clerk (Tr. 16). The ALJ found Plaintiff not disabled (Tr. 17).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the

tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by

substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.   Analysis**

Plaintiff argues the ALJ's finding that her jobs at Save-A-Lot and Pinchasers restaurant were past relevant work is not supported by substantial evidence for two reasons. First, Plaintiff contends she did not earn enough for the jobs to qualify as substantial gainful activity ("SGA"), a requirement for past relevant work. Second, the ALJ classified Plaintiff's Pinchasers job as a short order cook (a light exertion job), but Plaintiff argues she was really a fast-food cook (a medium exertion job). The Commissioner counters that Plaintiff earned enough at both jobs for the ALJ to classify them as past relevant work and that Plaintiff has not met her burden of demonstrating the ALJ improperly classified the Pinchasers job. After considering the evidence, the undersigned agrees with the Commissioner that substantial evidence supports the ALJ's decision that Plaintiff's sales clerk job was past relevant work.

To backtrack, at step four of the sequential evaluation process, the ALJ must determine the claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant is not disabled if he or she can perform her past relevant work, defined as work done within the last 15 years that constituted SGA and lasted long enough for the claimant to learn the work. *See* 20 C.F.R. § 404.1560(b)(1); *see also Eyre v. Comm'r of Soc. Sec.*, 586 F. App'x 521, 523-24 (11th Cir. 2014) (*per curiam*). SGA is "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. Substantial work activity involves "doing significant physical or mental

6

activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work done "for pay or profit." 20 C.F.R. § 404.1572(b).

The Commissioner relies on certain guides to determine if a claimant is engaged in SGA, including the claimant's work, how well she performed, how much time she spent at work, and whether her work was done under special conditions or in a sheltered workshop. 20 C.F.R. § 404.1573.[1] A chief consideration in determining whether prior work was SGA is a claimant's earnings. 20 C.F.R. § 404.1574(a)(1); *Green v. Comm'r of Soc. Sec.*, 555 F. App'x 906, 908 (11th Cir. 2014). "The ALJ ordinarily will consider that the claimant either was or was not engaged in substantial gainful activity if her average monthly earnings are above or below a certain amount established by the Social Security Administration's earnings guidelines." *Eyre*, 586 F. App'x at 524 (citations omitted). When a claimant's income is above the SGA monthly earnings threshold, a presumption arises that the claimant engaged in SGA. *See Hornung v. Saul*, No. 3:19-cv-166-MCR-HTC, 2020 WL 5260786, at *7 (N.D. Fla. Aug. 6, 2020).

But earnings are not dispositive. Even if a plaintiff's monthly earnings fall below the guidelines, if other evidence indicates that a plaintiff engaged in SGA, the ALJ can "consider other information, including whether the work performed was 'comparable to

---

[1] Special work conditions may consist of receiving assistance from other employees, permission to take frequent rest breaks, and permission to work at a lower standard of productivity. 20 C.F.R. § 404.1573(c). Work done under special conditions can still constitute SGA. *See* 20 C.F.R. §§ 404.1573(c), 404.1574(a)(1), (a)(3), (b)(2).

that of unimpaired people in [the claimant's] community who [were] doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work.'" *Eyre*, 586 F. App'x at 524 (quoting 20 C.F.R. §§ 404.1574(b)(3)(ii)(A), 416.974(b)(3)(ii)(A)).

The regulations also provide guidance on how to average a claimant's earnings: "we will average any earnings you make during the month you file for benefits and any succeeding months to determine if you are doing [SGA]." 20 C.F.R. § 404.1574a(a). Additionally, "[e]arnings are generally averaged over the actual period of time in which work was performed." SSR 83-35, 1983 WL 31257, at *1-3 (Jan. 1, 1983) (providing example of claimant with reported earnings from January to August and identifying the "actual period of work involved" as "the 8-month period from January through August," not 12 months). For work after January 1, 2001, earnings show SGA if they "average more than the larger of: (A) [t]he amount for the previous year, or (B) [a]n amount adjusted for national wage growth, calculated by [a set formula]." 20 C.F.R. § 404.1574(b)(2)(ii). The SSA publishes the adjusted wage amounts in a chart and through the Program Operations Manual System ("POMS"). *See* https://www.ssa.gov/apps10/poms.nsf/lnx/0410505015; POMS DI 10501.015. For example, the monthly amount to show SGA for a non-blind claimant in 2015 was $1,090; in 2016 the amount was $1,130; and in 2017, the amount was $1,170. *Id.*

The claimant bears the burden of demonstrating that prior work experience was not "past relevant work." *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991) ("[T]he claimant bears the burden of showing that certain work experience is not past relevant

8

work."). Even though the burden lies with Plaintiff, the ALJ must consider all the duties of Plaintiff's past relevant work and evaluate Plaintiff's ability to perform that work despite her impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 831 (11th Cir. 2013).

Plaintiff argues she did not earn enough at her Save-A-Lot job for it to qualify as SGA. If the job is not SGA at step one, Plaintiff's argument goes, the ALJ cannot consider it past relevant work at step four. After all, to be past relevant work, the job must be SGA, performed within the last 15 years, and last long enough for the claimant to learn the work. *See* 20 C.R.F. § 404.1560(b)(1). Plaintiff emphasizes the ALJ's step one finding that "[t]he claimant worked part-time through much of 2017, but her earnings did not rise to the level of substantial gainful activity." (Tr. 12). The Commissioner contends Plaintiff conflates steps one and four, and the undersigned agrees.

Plaintiff worked at Save-A-Lot from August 2015 (before her November 2015 onset date) to April 2016 and earned a total of $12,656.70 during that time (Tr. 186-87, 251, 255).[2] Plaintiff's Save-A-Lot earnings break down as follows: from August through December 2015 she earned $5,074.18, and from January through April 2016 she earned $7,622.52 (*Id.*). According to the Commissioner, Plaintiff's monthly earnings over this nine-month period average $1,410.74, an amount that exceeds the SGA level for 2015 ($1,090 per month) and 2016 ($1,130 per month) (Doc. 22 at 14). The Commissioner's method of averaging Plaintiff's earnings is not consistent with SSR 83-35, however. The guidance states: "When an individual works over a period of time during which the SGA

---

[2] Although Plaintiff's earnings records show she earned $1,630.42 at Save-A-Lot in 2017, it is not clear which months in 2017 she worked (Tr. 198).

9

level changes, earnings are not averaged over the entire period of work involved; rather, they are averaged over each period for which a different SGA level applies." SSR 83-35, 1983 WL 31257, at * 4.  So, averaging Plaintiff's 2015 earnings over the five months she worked – August through December – Plaintiff's monthly earnings averaged $1,014.84, below the 2015 SGA level ($1,090).  On the other hand, Plaintiff's 2016 monthly earnings from Save-A-Lot averaged $1,905.63, well above the 2016 SGA level ($1,130).  *See id*. (explaining that "the same work for the same earnings" may no longer be SGA because the SGA earnings levels change year-to-year).  Plaintiff does not rebut the presumption that her work in 2016 at Save-A-Lot was SGA.[3]

Interestingly, based on Plaintiff's earnings, the ALJ found that Plaintiff's sales clerk work performed after her onset date was not SGA for purposes of step one (Tr. 12).  This error was harmless, because correcting it would not change the ALJ's decision.  *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)) ("When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.").  The ALJ proceeded past step one, ultimately finding at step four that Plaintiff retains the RFC to perform her past relevant work as a sales clerk.  The ALJ consulted a VE, whose testimony that a hypothetical individual with Plaintiff's RFC could return to her past work as a sales clerk the ALJ relied on (Tr. 16-17, 67-71).  *See* 20 C.F.R. § 404.1560(b)(2); *Simpson v. Comm'r of*

---

[3] Plaintiff does not contend she did not work at Save-A-Lot long enough to learn the job of sales clerk or that her work there was more than 15 years before her onset date, the other elements of past relevant work.  *See* 20 C.F.R. § 404.1560(b)(1).

*Soc. Sec.*, 423 F. App'x 882, 884-85 (11th Cir. 2011). Plaintiff did not challenge the VE's qualifications or testimony and did not challenge her RFC or the hypothetical question the ALJ posed to the VE. Under these circumstances, Plaintiff has not met her burden of demonstrating that her sales clerk job was not past relevant work.

Plaintiff's next argument regarding her job at Pinchasers is two-fold: one, she maintains she did not perform the job at the SGA level; and two, she contends she performed the Pinchasers job as a fast-food cook, not a short order cook (Doc. 22 at 6-9). The undersigned agrees with the first part of Plaintiff's argument but finds no basis for remand. Plaintiff testified she worked at Pinchasers for "almost a year" in 2006 and 2007, and she worked just a few hours a week (Tr. 39). In her function report, however, she wrote she worked at Pinchasers for 40 hours per week, eight hours per day (Tr. 251, 255). Earnings records indicate she earned $3,801.13 at Pinchasers in 2006, and $7,964.85 at the restaurant in 2007 (Tr. 186-87). Under the Commissioner's method of adding up total wages earned at a job and dividing by the number of months worked to find average monthly earnings, Plaintiff averaged $980 per month at Pinchasers, above SGA-level for both 2006 ($860) and 2007 ($900). But as explained above, under these circumstances this method does not average Plaintiff's earnings "over each period for which a different SGA level applies," as required by SSR 83-35, because her work spanned two calendar years.

Aside from Plaintiff's guess that she worked at Pinchasers for "about a year," (Tr. 39) the record does not contain information regarding when Plaintiff started working at Pinchasers in 2006 or when she stopped working there in 2007. Without this information, the ALJ could not calculate her earnings across SGA earnings levels, as the regulations

11

require. But, again, this error is harmless. The ALJ found Plaintiff capable of performing her past relevant job as a sales clerk, a finding supported by substantial evidence, as explained above.

Plaintiff's related argument that she was a fast-food cook at Pinchasers rather than a short order cook is without merit. She argues she could not return to work as a fast-food cook, a medium exertion occupation, because the ALJ determined she only has the RFC for light work (Doc. 22 at 8-10). But the VE classified Plaintiff's Pinchasers job as a short order cook after weighing Plaintiff's testimony about her job duties, her work history reports, and the DOT (Tr. 17, 67-68). Plaintiff did not challenge the VE's testimony or qualifications or the ALJ's RFC determination. Additionally, Plaintiff wrote in her work history report that she did not have to lift more than 10 pounds at Pinchasers (indicative of a light exertion job) (Tr. 251, 255), and she testified she cleaned tables, ran the snack bar, served breakfast, and ran the cash register, all duties of a short order cook (Tr. 40-41). *See* 20 C.F.R. § 404.1567(b); DOT § 313.374-014, 1991 WL 672717 (short order cook).

On this record, the ALJ's step four findings are supported by substantial evidence, and Plaintiff's argument fails. Accordingly, after consideration, it is hereby

ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter final judgment in Defendant's favor and close the case.

**ORDERED** in Tampa, Florida, on March 8, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE